UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAN TEKINER,

                Plaintiff,

      - against -

DEPARTMENT OF CORRECTIONS, NYC
POLICE, 112th PCT., 19th PCT., and
COMMISSIONER OF POLICE,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1293 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On February 21, 2014, *pro se* plaintiff Jan Tekiner filed this action under 42 U.S.C. § 1983 against the above-captioned defendants alleging, *inter alia*, false arrest, false imprisonment, and assault. The Court grants Tekiner's request to proceed *in forma pauperis* ("IFP") solely for the purpose of this Order.[1] For the reasons set forth below, the complaint is dismissed with leave to file an amended complaint along with an amended IFP application within thirty (30) days from the date of this Memorandum and Order.

## BACKGROUND[2]

Construing Tekiner's allegations liberally, and listing them chronologically, he claims that on March 9, 1983, police officers in the 19th Police Precinct, along with unspecified "local and federal actors," entrapped him, which led to his arrest and conviction. (Compl. (Doc. No. 1) at 7 (ECF pagination).) Tekiner further contends that, on or about July 19, 2013, an unnamed police officer in the 112th Precinct used excessive force against him upon arresting Tekiner in

---

[1] Tekiner did not complete the IFP application with the requisite information, and indicates that he receives no income from any sources whatsoever. It strains credulity that Tekiner has no source of income at all, even if it is in the form of public assistance, Social Security benefits, or financial help from friends or relatives.

[2] The allegations are gleaned from Tekiner's complaint form and attached documents, which are dated October 25 and 21–22, 2013, respectively. However, the Court did not receive those documents until several months later on February 21, 2014.

his home. (*Id.* at 4.) Tekiner also alleges the following concerning a period (or periods) in which he was incarcerated: that starting in July 2013, the Department of Corrections ("the DOC")[3] installed confidential informants in the dormitory where Tekiner was incarcerated; 2) that on or about October 4, 2013, unnamed corrections officers seized and failed to return his property; 3) that at three unspecified times in the Otis Bantum Correctional Facility in Queens, Corrections Officer "Curtain" assaulted and attempted to assault him; and 4) that on December 18, 2013, the DOC was negligent in transporting him by bus to a Queens courthouse, which caused him to sustain an unspecified injury. (*Id.* at 3, 6, 8.) Tekiner attributes defendants' conduct to the success of his recently published memoir, "View from the Electric Chair by Anonymous," and to his 1978 civil lawsuits in the Southern District of New York against then President Carter and various federal agencies. (*Id.* at 5, 7–8.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a *pro se* plaintiff must satisfy these pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted). In other words, the Court holds *pro se* complaints to a less exacting standard than complaints drafted by attorneys, *see Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted), and should interpret such pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)

---

[3] Because Tekiner lists his address in the complaint as Rikers Island (*see* Compl. at 3), Tekiner's allegations appear directed at the New York City Department of Corrections, as opposed to the New York State Department of Corrections and Community Supervision.

2

(citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted). Additionally, the Court is required to dismiss an IFP complaint if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

*A. New York City Agencies*

Tekiner's complaints against the DOC, the New York City Police Department ("the NYPD"), and two NYPD police precincts must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision has been understood to signify that City "departments and agencies [such as the DOC or the NYPD and its precincts], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (*per curiam*); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Adams v. Galletta*, 966 F. Supp. 210, 212 (E.D.N.Y. 1997) (DOC not a suable entity). For this reason, the complaint is dismissed as to the DOC, the NYPD, and the 112th and 19th Police Precincts pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

*B. Police Commissioner*

Tekiner's complaint against the New York City Police Commissioner ("the Commissioner")[4] must be dismissed as well, as he provides no facts to support the Commissioner's liability. As a prerequisite to an award of damages under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the purported constitutional deprivation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107, 122 (2d Cir. 2004). Tekiner fails to make even a single allegation against the Commissioner, much less specific allegations that the Commissioner had any direct involvement with, knowledge of, or responsibility for the claimed deprivations of his civil rights. *See Farrell*, 449 F.3d at 484.

Insofar as Tekiner names the Commissioner in the lawsuit based purely on his supervisory role over the NYPD, vicarious liability is "inapplicable" in the context of an action under § 1983. *Iqbal*, 556 U.S. at 676. Rather, a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*; *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (*per curiam*) ("mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a 1983 claim") (internal quotation marks omitted). As a consequence, the complaint is dismissed as to the Commissioner for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] Tekiner does not name which commissioner he is suing. Given that his papers are dated in October 2013, he is presumably suing former Commissioner Ray Kelly.

4

## C. Corrections Officer "Curtain"[5]

Lastly, Tekiner's complaint against Corrections Officer "Curtain" must be dismissed for failure to state a claim. As noted, a claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To state a civil rights claim under § 1983, a complaint must contain "specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under [§] 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987). Tekiner's generalized allegations against Curtain fall short of meeting these basic pleading standards. Tekiner contends only that Curtain twice "assaulted" him, and once attempted to assault him by threatening to use pepper spray. (Compl. at 8.) Other than this lone reference to pepper spray, Tekiner does not specify the actions Curtain took to "assault" him, whether Tekiner sustained injury in any of these incidents, when these incidents occurred, or where they transpired. Simply alleging, in conclusory fashion, that Curtain "assault[ed]" Tekiner, or that Curtain attempted to assault him by threatening him with pepper spray, does not state a viable claim for relief.

## CONCLUSION

Accordingly, the complaint, which is being treated as filed IFP for the purpose of this Order, is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

However, in light of Tekiner's *pro se* status, the Court directs him to file an amended complaint and an amended IFP application within thirty (30) days from the date of this Memorandum and Order. In the amended complaint, Tekiner must clearly set forth: the facts,

---

[5] Although Tekiner did not include Curtain as one of the captioned defendants, he is the only individual defendant whom Tekiner actually names in the complaint and attached papers, and Tekiner specifically states that he "sue[s] C.O. Curtain for $75,000." (Compl. at 8.)

including the wrongful acts that give rise to each claim; the dates, times and places of the alleged acts; and each individual(s) who committed each alleged wrongful act. That is to say, Tekiner should specifically allege facts indicating the involvement of each of the named defendants in the purported constitutional deprivations in sufficient detail to establish that those defendants were tangibly connected to those deprivations.

The amended complaint must be captioned "AMENDED COMPLAINT" and bear the docket number "14-CV-1293 (RRM)," and must be filed with the Court within thirty (30) days from the date of this Memorandum and Order, along with an amended IFP application. All further proceedings shall be stayed for thirty (30) days or until Tekiner has complied with this Order. If Tekiner fails to file an amended complaint and an amended IFP application within the allotted time, judgment dismissing this action shall be entered. If timely filed, the amended complaint and amended IFP application shall be reviewed for compliance with this Order and pursuant to 28 U.S.C. § 1915(e)(2)(B).

Tekiner's application for *pro bono* counsel is denied without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to *pro se* plaintiff, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
   May 30, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge